# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

CHRISTOPHER MAYNARD GOLLIDAY et al.                              PLAINTIFFS

v.                                                CIVIL ACTION NO. 1:17-CV-P131-GNS

MISSE CAUSEY et al.                                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiffs Christopher Maynard Golliday, Dominique Cordell Wallace, and Brad Justin Weeks initiated this action by filing a *pro se* civil rights complaint. Plaintiffs Wallace and Weeks have been terminated as parties to this action. The sole remaining Plaintiff is Plaintiff Golliday (hereinafter referred to as "Plaintiff"). This matter is now before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, some of Plaintiff's claims will be dismissed and some will be allowed to proceed, and Plaintiff will be given the opportunity to amend his complaint.

## I.

Plaintiff is a pretrial detainee at the Warren County Regional Jail (WCRJ). He names as Defendants WCRJ Deputy Jailer Misse Causey; WCRJ Jailer Stephen Harmon; and WCRJ officers Elizabeth Weissinger, Joshua Mills, and Randall Lile. He names all Defendants in their official and individual capacities.

Plaintiff states that after moving to WCRJ Pod A-1 on December 2, 2016, he "started breaking out around [his] neck and back." He states that he filled out several medical forms to request to see the doctor/nurse, but all "they" did was give him some anti-fungal cream after "the fifth or sixth medical request" around May 23, 2017. He states that he saw a "med-tech" not a

nurse or doctor. He alleges that he then began having "breathing issues and stayed sick from the ceiling in A-1 from a lot of black mold." According to Plaintiff, the mold forms on the shower ceiling due to poor ventilation. He states that he filed multiple grievances about the mold but "[t]hey never give us proper equipment to clean the mold off, plus I'm allergic to mold." He asserts:

> It got so bad that I had to stop taking showers as often as I was. The staff threatened to take the T.V. and phone if we didn't clean it (the mold on the ceiling). So I started cleaning it myself, then paying other inmates to clean the bathroom. The break-outs has caused permanent scars on my neck. All Misse Causey does is tell us to clean it with the watered down bleach. . . They said that they don't issue pure bleach to us. . . . All 12 people in the pod were willing to clean, but when we asked for things to protect our head, face, eyes, and neck we were denied.

As relief, Plaintiff asks for monetary and punitive damages, dismissal of misdemeanor charges in Warren County, and "30 for 30 on remander of my federal sentence."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Official-capacity claims

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants, therefore, are actually against their employer, Warren County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil-rights suit against county clerk of court in his official capacity was equivalent of suing clerk's employer, the county). "[I]n an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. at 166 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 694); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) ("[T]o demonstrate municipal liability, [a plaintiff] must (1)

identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy.").

Plaintiff alleges a WCRJ policy or custom of not issuing sufficient cleaning agents to remove black mold. On initial review, the Court will allow the complaint to continue against Defendants in their official capacities for this claim.

### B. Individual-capacity claims

A complaint filed under § 1983 must show a causal connection between each of the named Defendants and the alleged constitutional deprivation. "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery Cty.,Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Further, a § 1983 complaint must allege that specific conduct by each Defendant was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 828-29 (9th Cir. 1986).

Moreover, while the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." S*wierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976); *see Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (stating "officials are personally liable for damages under [§ 1983] 'only for their own unconstitutional behavior'") (quoting *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)).

Plaintiff fails to allege how any of the named Defendants were personally involved in the facts alleged in his complaint except for a statement that Defendant Causey told him to clean

with "watered down bleach," which he alleges is WCRJ policy. Instead, the complaint refers to "they" and "the staff". Having failed to causally connect his allegations to the named Defendants, the individual-capacity claims must be dismissed. The Court, however, will allow Plaintiff to file an amended complaint providing details as to which Defendant purportedly did what and when. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act.").

### C. *Request for dismissal of state charges and change in federal sentence*

Included in the relief that Plaintiff requests is dismissal of misdemeanor charges in Warren County. This Court has no authority to interfere in state-court criminal proceedings to dismiss pending charges, except in very limited circumstances not present in the instant case. *Younger v. Harris*, 401 U.S. 37 (1971); *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996).

Plaintiff also requests "30 for 30 on remander of my federal sentence." The Court does not know to what federal sentence Plaintiff is referring. However, to the extent that Plaintiff requests release from custody, such is not an available remedy under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994). When a prisoner is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Boyer v. Conaboy*, 983 F. Supp. 4, 7 (D.D.C. 1997) (holding 28 U.S.C. § 2255 "explicitly provides a prisoner in federal custody with a remedy by which to test the legality of his sentence").

Therefore, the claims for relief of dismissal of state charges and "30 for 30 on remander of my federal sentence" will be dismissed.

### III.

For the reasons above, and being otherwise sufficiently advised,

**IT IS ORDERED** that the individual-capacity claims against Defendants are **DISMISSED** without prejudice to filing an amended complaint **within 30 days** of entry of this Order. Plaintiff shall provide details of Defendants' individual involvement in his claims. The Court will perform an initial review on the amended complaint. **Failure to file an amended complaint within the time allotted will result in dismissal of the individual-capacity claims with prejudice.** The Clerk of Court is **DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and "AMENDED" written in the caption.

**IT IS FURTHER ORDERED** that Plaintiff's claims for dismissal of misdemeanor charges in Warren County and "30 for 30 on remander of my federal sentence" are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the official-capacity claims against Defendants for failure to provide adequate cleaning supplies to remove mold shall proceed. In permitting these claims to proceed, the Court passes no judgment on the merit and ultimate outcome of the action. The Court will enter a separate Scheduling Order governing the development of the continuing claims after the 30-day period to file an amended complaint has passed.

Date: December 13, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff Golliday, *pro se*
    Defendants
    Warren County Attorney
4416.009

6