UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CHRISTOPHER MAYNARD GOLLIDAY**  　　　　　　　　　　　　　　**PLAINTIFF**

**v.**　　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:17-CV-P131-GNS**

**MISSE CAUSEY et al.**　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court is the motion for summary judgment filed by Defendants (DN 22). Plaintiff Christopher Maynard Golliday was given an extended time in which to file a response; he did not. For the following reasons, Defendants' summary-judgment motion will be granted.

### I. STATEMENT OF THE CASE

The only remaining claim in this case is the claim brought by Plaintiff (hereinafter "Plaintiff") against Defendants in their official capacities for failing to provide cleaning supplies to clean mold and fungus in the Warren County Regional Jail (WCRJ) while Plaintiff was a pretrial detainee there.

In his complaint, Plaintiff stated that after moving to WCRJ Pod A-1 on December 2, 2016, he "started breaking out around [his] neck and back." He stated that he filled out several medical forms to request to see the doctor/nurse, but all "they" did was give him some anti-fungal cream after "the fifth or sixth medical request" around May 23, 2017. He alleged that he then began having "breathing issues and stayed sick from the ceiling in A-1 from a lot of black mold." According to Plaintiff, the mold forms on the shower ceiling due to poor ventilation. He stated that he filed multiple grievances about the mold but "[t]hey never give us proper equipment to clean the mold off, plus I'm allergic to mold." In particular, he asserted:

> It got so bad that I had to stop taking showers as often as I was. The staff threatened to take the T.V. and phone if we didn't clean it (the mold on the

ceiling). So I started cleaning it myself, then paying other inmates to clean the bathroom. The break-outs has caused permanent scars on my neck. All Misse Causey does is tell us to clean it with the watered down bleach. . . They said that they don't issue pure bleach to us. . . . All 12 people in the pod were willing to clean, but when we asked for things to protect our head, face, eyes, and neck we were denied.

## II. <u>ANALYSIS</u>

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* A moving party with the burden of proof who seeks summary judgment faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (internal quotation marks, citation, and emphasis omitted). The party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. "Accordingly, summary judgment in favor of the party with the burden of persuasion 'is inappropriate when the evidence is susceptible to different interpretations or inferences by the trier of fact.'" *Green v. Tudor*, 685 F. Supp. 2d 678, 685 (W.D. Mich. 2010) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999)).

Prisoner civil-rights cases are subject to the mandate of the Prison Litigation reform Act (PLRA) that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.] § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust a claim, a prisoner must proceed through all of the steps of a prison's or jail's grievance process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). The Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), that failure to "properly" exhaust bars suit in federal court. "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

Defendants argue that Plaintiff failed to exhaust his administrative remedies through the Warren County Jail's Inmate Rights and Rules. They assert that Plaintiff received a copy of the Jail's Inmates Rights and Rules and that, although he filed six grievances relating to the bathroom in his cell, the presence of mold, and lack of cleaning supplies, he did not appeal the initial responses of these grievances.

In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court held that exhaustion under the PLRA is an affirmative defense. Therefore, the heightened summary judgment standard set out above applies to Defendants' motion for summary judgment based on the affirmative defense that Plaintiff failed to exhaust.

Upon review, Defendants have met their burden. To the summary-judgment motion, they attach the affidavit of Defendant Stephen Harmon, the WJRC's jailer, who avers that a copy of the Inmates Rights and Rules was given to Plaintiff when he was booked into the jail as evidenced by his signed acknowledgement on the document. Those Inmates Rights and Rules provide that if an inmate is dissatisfied with the initial response to a grievance, that inmate may appeal to the jailer or his designee within 48 hours of the initial response.

Defendant Harmon also avers that he attached the six grievances filed by Plaintiff. Each of those grievances received a response by a staff member. Defendant Harmon further avers that Plaintiff did not appeal from any of the responses to his grievances, which denied that he was not receiving effective cleaning products. Thus, Defendants have demonstrated that Plaintiff abandoned the grievance process before it was complete. Defendants have submitted adequate summary-judgment proof that Plaintiff failed to exhaust his administrative remedies when he failed to timely appeal the initial responses to his grievances. Plaintiff has produced no evidence to contradict Defendants' proof regarding exhaustion, so that there is no genuine issue of material fact for a jury to decide, and Defendants have established they are entitled to judgment as a matter of law.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Defendants' motion for summary judgment (DN 22) is **GRANTED**.

Date: April 30, 2018

Greg N. Stivers, Judge
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of record
4416.009